IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DUCHANE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-02240-N |
| § | |
| SOUTHERN FOODS GROUP, L.L.C., § | |
| d/b/a SCHEPPS DAIRY, § | |
| § | |
| Defendants. § | |

## **ORDER**

This Order addresses Plaintiff Joseph Duchane's ("Duchane") emergency motion to remand and for sanctions [3]. The Court finds that ERISA does not completely preempt Duchane's claims and therefore grants his motion to remand. However, the Court declines to sanction Defendant Southern Foods Group, L.L.C. d/b/a Schepps Dairy ("Southern Foods") for improper removal.[1]

### **I. ORIGINS OF DUCHANE'S REMAND REQUEST**

This case concerns an on-the-job injury. On June 20, 2009, Duchane suffered an accident at work that caused him to tear his rotator cuff. Duchane sued his employer, Southern Foods, for negligence in Dallas County Court on October 13, 2010. The state court set trial for October 24, 2011.

At the time of the injury, Southern Foods was a nonsubscriber under the Texas

---

[1]In light of this ruling, the Court denies Southern Foods' motion for leave to file sur-reply and request for oral hearing [10] as moot.

ORDER – PAGE 1

Worker's Compensation Act. Instead, Southern Foods provided benefits for work-related injuries to employees under the "Southern Foods Group, LLC Voluntary Employee Injury Benefits Plan" (the "Plan"). Southern Foods states that the Plan is an employee welfare benefit plan governed by the Employment Retirement Income Security Act of 1971, as amended, 29 U.S.C. § 1001, *et. seq.* ("ERISA"). Def.'s Notice Removal 2 [1].

On August 18, 2011, Duchane's physician released him to return to work on light duty. Duchane alleges that when he returned to work, his supervisors ordered him to perform tasks that violated his doctor's orders, putting him at risk for further injury. Pl.'s Mot. Remand 2 [3]. On August 22, 2011, Duchane thus (1) applied for a temporary restraining order, temporary injunction, and permanent injunction (the "Application") in state court seeking to prevent Southern Foods from requiring him to perform certain activities,[2] and (2) amended his state court petition (the "Amended Petition") to assert claims against Duchane's supervisors for intentional infliction of emotional distress (hereinafter "IIED").[3] Def.'s Notice Removal 4-5; Pl.'s Br. Supp. Mot. Remand 4 [4].

---

[2]Southern Foods states that Duchane did not go forward with the temporary restraining order hearing in this case but that both it and the rest of the Application remain on the state court docket. Def.'s Resp. 4 n.4. In its response, Southern Foods describes the Application, but it does not argue that the Application itself provides a basis for removal. *See* Def.'s Response 6, 10-19. However, to the extent that Southern Foods would rely on the Application as a basis for removal, the Court notes that it has addressed this issue in regard to a nearly identical application in a related case, *Marquez v. Southern Foods Group, L.L.C. d/b/a Schepps Dairy*, and, in that case, the Court remanded the action. *See* Order, Dec. 1, 2011 [12], *in Marquez v. Southern Foods Group, L.L.C. d/b/a Schepps Dairy*, Civil Action No. 3:11-cv-2243-N (N.D. Tex. 2011) (Godbey, J.).

[3]Duchane and Southern Foods disagree as to whether the Petition also alleged "retaliation" claims against supervisors Chris Walsh and Richard Brown. The Court addresses this disagreement below.

ORDER – PAGE 2

On August 30, 2011, Southern Foods removed the case to federal court. In its Notice of Removal, Southern Foods alleged that Duchane's Amended Petition raised a federal question; namely, that ERISA governs Duchane's claims.[4] Def.'s Notice Removal 7-9. Southern Foods contended that (1) since Texas law does not provide a cause of action for retaliation in this context,[5] Duchane's Amended Petition necessarily presents a claim that supervisors retaliated against him under ERISA, (2) that ERISA preempts the IIED claims in Duchane's Amended Petition, and (3) that, therefore, Duchane's Amended Petition actually seeks injunctive relief under ERISA's civil enforcement provision.[6] *Id.*

Duchane now moves for remand and sanctions, claiming that (1) Southern Foods removed the case solely to disturb the trial setting after Duchane did not agree to Southern Foods' motion to continue, filed in state court on July 15, 2011; (2) Duchane's claims under the Amended Petition arise under state law, and (3) the Court should therefore sanction Southern Foods for fraudulent removal pursuant to Federal Rule of Civil Procedure 11.

---

[4]Southern Foods appears to concede that Duchane's original Petition contained only state law negligence claims not subject to removal under ERISA, *see e.g.*, *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411 (5th Cir. 2008); *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994), and it did not seek removal based on the original Petition. *See* Def.'s Resp. 3.

[5]Rather, Southern Foods points out that Texas law only provides for a retaliation claim pursuant to an employee's worker's compensation claim under TEX. LAB. CODE § 457.001, *et. seq.* Def's Notice Removal 7.

[6]Specifically, Southern Foods states that because the Plan Administrator oversees medical expenses, medical treatments, and other medical management issues pursuant to the Plan, and that, under the Plan's terms and conditions "a participant must return to work upon receipt of release to return to restricted duty work by an Approved Medical Provider," all of Duchane's claims related to Southern Foods' treatment of him upon his return to work fall within the scope of his "rights" under Southern Foods' ERISA Plan. Def.'s Notice Removal 2-9.

ORDER – PAGE 3

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION
## OVER THE CASE AND MUST REMAND

### *A. Removal Standard and ERISA Preemption*

A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998); *Quality Ins. Care, Inc. v. Humana Health Plan of Tex.*, 290 F. App'x 671, 676 (5th Cir. 2008). "Because removal raises significant federalism concerns," however, "the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In this case, Southern Foods removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, alleging that federal ERISA preempts the state law claims in Duchane's Application. Ordinarily, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint'[7] raises issues of federal law sufficient to support federal question

---

[7]While, consistent with the well-pleaded complaint rule, removal is usually based on the original pleadings in a case, a defendant may later remove a case to federal court after receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), as Southern Foods alleges is the case with Duchane's Petition here.

ORDER – PAGE 4

jurisdiction."[8]  *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)).  However, a defendant can remove a state law claim "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,'" as may be the case under ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat.'l Bank v. Anderson*, 539 U.S. 1 (2003)).

There are two types of ERISA preemption at issue in removal cases.  First, ERISA supercedes "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a).  This "conflict preemption" displaces state law, but does not give rise to removal under federal question jurisdiction.  *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) ("Rather than transmogrifying a state cause of action into a federal one–as occurs with complete preemption–conflict preemption serves as a defense to a state action [in state court]."). Alternatively, ERISA completely preempts state law claims that seek relief within the scope of ERISA's civil enforcement provision, and a court should recast these claims under the well-pleaded complaint rule as claims arising under federal law. *Id.*;  *see* 29 U.S.C. § 1132(a);  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60, 66-67 (1987).  A defendant may remove such "federal" claims to federal court. *Giles*, 172 F.3d at 337.

Here, Southern Foods argues for removal based on "complete preemption" under

---

[8]Under the well-pleaded complaint rule, "the court will look past the words in the [pleading or motion] to the substance of the claim alleged." *Rozell v. Sec. Servs.*, 38 F.3d 819, 822 (5th Cir. 1994) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983)).

ERISA's civil enforcement provisions. ERISA's civil enforcement provisions allow a plan beneficiary to bring suit (1) under section 502(a)(1)(B) to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), or (2) under section 502(a)(3) to "enjoin any act or practice which violates any provision of this title or the terms of the plan . . . [or] obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan," 29 U.S.C. § 1132(a)(3).

### B. Duchane's Amended Petition Does Not Claim Retaliation Under ERISA

Southern Foods first contends that Duchane's Amended Petition claims Southern Foods' managers violated ERISA § 510[9] when they allegedly retaliated against Duchane for exercising his "right[] . . . to be placed back on work with doctor's restrictions."[10] Def.'s Notice Removal 7-9. It states that a beneficiary may enforce section 510 through ERISA's civil enforcement provision, specifically section 502(a)(3). *Id.*

However, under the well-pleaded complaint rule, Duchane's Amended Petition does not allege any sort of retaliation under the Plan. Rather, it is clear from Duchane's Application that he only seeks to recover for IIED caused by Southern Foods' managers,

---

[9]Section 510 makes it unlawful to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under [the plan] . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140.

[10]The Court need not decide whether this "right" itself falls within either the Plan or ERISA's civil enforcement provision.

ORDER – PAGE 6

Richard Brown and Chris Walsh.[11] In *Rozzell v. Security Services*, 38 F.3d 819, 822 (5th Cir. 1994), the Fifth Circuit refused a somewhat similar attempt by defendants to recharacterize the plaintiff's complaint as a claim for benefits under ERISA. The court found that the plaintiff only included the word "benefits" in his complaint in order to "punctuate [the] wrongful conduct" inherent in his claim, and the court held that the substance of the plaintiff's well-pleaded claim involved solely a state law cause of action. *Id.*; *see also Children's Hosp. Corp. v. Kindercare Learning Ctrs, Inc.*, 360 F.Supp.2d 202 (D. Mass. 2005) (explaining that the plaintiff did not engage in artful pleading to get around ERISA; instead, "the fact that Children's Hospital could have sued [under ERISA] is not the test for complete preemption. As a master of its own complaint, Children's Hospital had the right to assert independent causes of action . . . ." (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, (1987); *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, 340 F. Supp. 2d 749, 759 (N.D.Tex. 2004) (Fish, C.J.))); *cf. Davila*, 542 U.S. at 210 ("[I]f an individual . . . could have brought his claim under ERISA § 502(a)(1)(B), and *where there is no other independent legal duty that is implicated by a defendant's actions*, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." (emphasis added)).

---

[11]Duchane's Amended Petition states: "Brown and Walsh's actions constitute retaliation against Plaintiff for filing this injury lawsuit and amounts [sic] to intentional infliction of emotional distress against Plaintiff for which Plaintiff seeks monetary damages . . . as well as a permanent injunction enjoining the Defendant [] from allowing its managers to bully the injured Plaintiff into violating [Defendant's] policy of using 3 points of contact to enter and exit its commercial vehicles due to his injuries." Pl.'s First Am. Pet. 4-5 [1-47]. The Court credits Duchane's explanation for his misuse of the word "retaliation": "Perhaps Plaintiff should have used the word 'revenge' rather than retaliation. However, its [sic] clear from any reading of the complaint that a Retaliation claim has not been brought." Pl.'s Reply 4 n.1 [9].

Similarly, the Court cannot reach beyond Duchane's well-pleaded Amended Petition here – a complaint that in no way refers to or invokes the Plan under ERISA – and transform it into one containing federal claims. Accordingly, Duchane's Application does not "arise under" ERISA for the purposes of section 1331, and the Court therefore orders remand.[12]

### C. ERISA Does Not Completely Preempt Duchane's IIED Claim

Southern Foods also argues that even if Duchane's "retaliation" allegation is only a basis for his IIED claims as opposed to a separate cause of action, ERISA would still completely preempt said IIED claims and therefore provide a basis for removal. Def.'s Resp.

---

[12]Southern Foods also points out that it has two roles with respect to its employees: that of employer and that of Plan administrator, and it contends that Duchane's Amended Petition contains claims against it in its administrative role. *See* Def.'s Resp. 4. Southern Foods makes much of a letter Duchane's counsel, Tom Carse, sent to Terry Stansberry, the Occupational Injury Benefits Coordinator, under the Plan. Def.'s Notice Removal 4. The letter states: "Enclosed please find a copy of the work restrictions placed on my client by his treating physician. If Schepps management wishes to do otherwise, they do so at their own peril." Def.'s Notice Removal Ex. A-3 [1-3]. Southern Foods alleges that this letter demonstrates Duchane's understanding that the "Plan was managing the medical care of the Plaintiff as Plan Administrator;" that this letter was addressed to Southern Foods in its administrative capacity, not as Duchane's employer; and that, therefore, Duchane's subsequent Amended Petition alleges retaliation pursuant to Plan administration. Def.'s Response 5-6.

To determine whether ERISA's civil enforcement provision preempts an employee's claims, a court inquires into whether the claims related to a company's role as administrator of an ERISA plan or simply to its role as employer. *See E.I. Dupont De Nemors & Co. v. Sawyer*, 517 F.3d 785, 798-99 (5th Cir. 2008) ("Crucial to the question whether the employees in this case could have brought an [ERISA fiduciary suit] is whether their claims related to [the company's] role as administrator of an ERISA plan or simply to its role as employer."). Here, the Court finds that the plain meaning of the letter supports Duchane's contention that his Amended Petition seeks only to recover against Southern Foods as his employer and not under ERISA. The letter was merely counsel's way of providing the Plan Administrator with a copy of Duchane's medical restrictions and noting that if Southern Foods wished to act against the restrictions, it, as Duchane's employer, did so at its *own* risk of suit.

ORDER – PAGE 8

16. However, Southern Foods is mistaken. Though ERISA may preempt a plaintiff's IIED claims if they "relate to" an ERISA plan, such preemption constitutes "conflict preemption" under 29 U.S.C. § 1144(a) and does not allow a defendant to remove to federal court. *See, e.g., Light v. Blue Cross & Blue Shield, Inc.*, 790 F.2d 1247 (5th Cir. 1982) (holding that plaintiffs' claims related to an ERISA plan under 29 U.S.C. § 1144(a) and that ERISA thus preempted plaintiffs' state law claims when they brought an action alleging bad faith refusal to pay claims, negligent and intentional infliction of emotional distress, breach of fiduciary duty, and deceit); *Brock v. Primedica, Inc.*, 904 F.2d 295 (5th Cir. 1990) (holding that plaintiff's emotional distress claims related to an ERISA plan under 29 U.S.C. § 1144(a), and ERISA therefore preempted the claims), *abrogated on other grounds by Geissal v. Moore Med. Corp.*, 524 U.S. 74 (1998). Accordingly, the Court cannot exercise removal jurisdiction. It therefore does not address ERISA preemption of Duchane's IIED claims but rather remands the case to state court. *See Giles*, 172 F.3d at 337 ("When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a)['s conflict preemption], the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.").

### III. SOUTHERN FOODS' REMOVAL DOES NOT WARRANT ATTORNEYS' FEES OR SANCTIONS

28 U.S.C. § 1447(c) permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of improper removal." A court has considerable discretion regarding attorney fee awards in removal cases. *Valdes v. Wal-Mart Stores, Inc.*,

199 F.3d 290, 292 (5th Cir. 2000). To determine whether to award fees for improper removal, a court should inquire into "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time the defendant removed the case; a defendant's motive for removal is irrelevant. *Id.*; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis [for removal] exists, fees should be denied." (citing *Valdes*, 199 F.3d at 292)).

In addition to attorney fees, a court may impose sanctions on a defendant for improper removal under Federal Rule of Civil Procedure 11 which provides that, by presenting to the court a motion or "other paper," an attorney certifies he has read the motion or paper and,

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[,] [and] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

FED. R. CIV. P. 11.[13]

Duchane asks the Court to award attorneys' fees and impose Rule 11 sanctions against Southern Foods because Southern Foods' basis for removal – ERISA preemption – is "implausible and unreasonable." Pl.'s Br. Supp. Mot. Remand 6. Duchane also alleges that

---

[13] The Court notes that pursuant to the Rule, "[a] motion for sanctions must be made separately from any other motion . . . .," and "[t]he motion must be served . . . , but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). Therefore, Duchane improperly filed his motion for sanctions. Despite this procedural error, however, the Court addresses Duchane's motion here.

ORDER – PAGE 10

Southern Foods improperly removed the case solely to delay the upcoming state court trial in violation of Rule 11. *Id.* at 7.

However, the Court declines to award attorneys' fees or impose sanctions. After surveying federal law relating to ERISA litigation, the Court finds that Southern Foods' preemption argument is objectively reasonable. Southern Foods had a plausible basis for seeking clarification of the law and creating or extending the law in this Circuit based on the facts of this particular case.[14] Additionally, Southern Foods timely removed the case prior to trial in state court and promptly after Duchane filed his Amended Petition. *See* 28 U.S.C. § 1446(b) (stating that a defendant may remove within 30 days of receipt of a pleading, motion, or other paper raising federal jurisdiction). Thus, the Court declines to award Duchane attorneys' fees or sanction Southern Foods.[15]

---

[14]Duchane himself called Southern Foods' arguments "clever." Pl.'s Br. Supp. Mot. Remand 4 ("While Defendant's attempt to support its removal of this case is clever, it is simply not supported by the record in this case.").

[15]Duchane relies on *Doe v. Episcopal Sch. of Dallas*, *Inc.*, 3:11-cv-1058-L, 2011 WL 2601506 (N.D. Tex. 2011) (Lindsay, J.), in support of his motion for attorney fees. Pl.'s Br. Supp. Mot. Remand 6. However, Duchane's comparison to *Doe* is inapposite. In *Doe*, this Court denied defendant's claims with "well-established precedent of the Supreme Court and Fifth Circuit regarding the jurisdiction of federal courts; and no novel theories of law were advanced . . . that would reasonably justify an expansion of existing precedent." *Doe*, 2011 WL 2601506 at *8. In this case, the Court finds no clear ERISA precedent from either the Supreme Court or the Fifth Circuit regarding Southern Foods' specific arguments for removal.
   In support of his Rule 11 motion, Duchane cites *Davis v. Veslan Enters.*, 765 F.2d 494, 500 (5th Cir. 1985). Pl.'s Br. Supp. Mot. Remand 6. However, his reliance on this case is also misplaced. In *Davis*, the Fifth Circuit upheld sanctions against a defendant who removed a case after a lengthy three week jury trial and stood to gain a significant financial benefit from delaying entry of the judgment. *Davis*, 765 F.2d at 500. Here, Southern Foods removed the case prior to trial in state court.

ORDER – PAGE 11

## CONCLUSION

The Court finds that ERISA does not completely preempt Duchane's well-plead Amended Petition and therefore grants Duchane's motion to remand to state court. However, because the Court finds that Southern Foods had a plausible basis for removing the case, it denies Duchane's motion for attorneys' fees and sanctions.

Signed December 1, 2011.

_____
David C. Godbey
United States District Judge